In The United States District Court RECEIVED
For The Middle District Of Alabama
Eastern Division

2006 JUL 31 A 10: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Dexter Wayne Snipe

v.                                    CR. NO. 3:06 cr 95 - MHT

United States Of America

- - - - - - - - - - -

## Motion To Compel To Suppress
## All Evidence And Dismiss The Indictment
## For A Substantial Defect In Instituting The Prosecution.

( Introduction )

Come now the plaintiff, Dexter Wayne Snipe.
Pursuant to the Constitution of the United States of
America, the Fourth Amendant. Mr. Snipe respectfully
move the court for an order prohibiting the
Government from introducing all evidence and all
fruits of evidence pertaining to Mr. Snipe arrest on
November 4, 2005, further prohibiting all statements,
information, and evidence obtain or related to the
unlawful search and seizure of Mr. Snipe private
property.

(<u>Facts</u>)

In support of this motion, Ms. Snipe would show the Tushegee Police unlawfully arrested, searched, and seized Mr. Snipe and property without presenting A search warrant upon request by Mr. Snipe again and again. Later, Mr. Snipe was indicted on April 5, 2006. Two weeks later on April 19, 2006 discovery documents was received with A falsified search warrant.

1). On November 4, 2005 Tushegee Police unlawfully entered Mr. Snipe Private property shooting in the air.

2). Entered Mr. Snipe property and house without knocking.

3). Arrested, Searched, and Seized Mr. Snipe and property without A warrant.

4). Upon request of Mr. Snipe again and again, no search warrant were presented.

5). Mr. Snipe petition Tushegee Court for A search warrant but receive no response since about November 7, 2005.

6). Later, MR. Snipe was indicted on April 5, 2006.

7). Arraigned on April 9, 2006 and received discovery document with A falsified search warrant

8). The affidavit to the search warrant:

   A). Contain an address that is not the defendant.

   B). Contain A witness that is age 15 (A minor).

   C). The stolen items contained in the affidavit is the only reason for the search warrant.

   D). I have several documents with the state Judge signature on them and they do not match the warrant, affidavit, or return.

9). The Search Warrant:

   A). Do not contain an address to be search.

   B). Do not describe all the seized evidence.

   C). The warrant indicate daytime search only but A nighttime search was conducted.

   D). No indication of the search warrant being received and stamp by the clerk.

   E). Do not indicate A no knock provision on its face but the private property and house were intered without knocking.

   F). Has falsified signature on several documents including the return.

Page 4

(H). The search warrant order the affiant
to make return of the warrant,
inventory, and all property seized
thereunder before the state Judge within
an undetermine amount of days, not to
exceed 10 days as required by law, but
it was not return until 14 days later.

H. The warrant and the affidavit has two
different dates on it, which is A
substantially different.

I). Mr. Smith limited responses investigated to
obtain A copy of the search warrant but
Tuskegee Courts has no knowledge of such
warrant.

The Return and Inventory:
A. Have two identical ____ with the
exception on the date ____ and
the state Judge ____ on the
____. There is not the Judge signature.

B) The first "Return and Inventory,
document has A return time and date
____ ____ ____ ____ ____ ____ 2005.

C). The second (Return and Inventory,)
    document, has two different dates of
    return on its face. This is clearly
    fraud and forgery.

D) Mr. Snipe has document with true State
   Judge signature on them and they do
   not resemble the ones on the warrant,
   affidavit, or return.

11). The copy of the inventory is not endorsed,
     which the return indicate.

12). The officers executed, search, inventory on
     items seized, and return them to the State
     Judge, all within five minutes when is indicated.

13). The inventory has no signature or any
     kid of acknowledgement of receipt on it.


(Grounds)

        For suppression and Dismissal

        The arrest, search, and seizure of
Mr. Snipe and private property were without
A search warrant upon request and

without A search warrant the arrest, search,
and seizure were conducted without lawful
authority, during November 4, 2005. Mr. Snipe
received discovery document with A fraud and
forged search warrant on April 19, 2006.

14). The search [illegible] have [illegible] conducted [and?]
seizure of evidence violated the constitution of
the United States of America, Fourth Amendant.

15). Intering Mr. Snipe private property without A
search [illegible] on [illegible] 4, 2005
was without [illegible] violated
his rights under the Fourth Amendant.

16) The unlawful [illegible] without presenting A warrant
upon request on November 4, 2005 [illegible] of A
Mr. Snipe received discovery documents on April 19,
2006 with numerous flaws, thus, showing ground
of fraud [illegible].

17) Mr. Snipe has severed [illegible] [illegible]
Courthouse [illegible]
[illegible] be [illegible] move the knowledge of
[illegible].

(Law)

Decision of the former Fifth Circuit are binding precedent on the Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) adopting as binding precedent the obligation of the police to comply with the Fourth Amendment is an essential foundation of this nation freedom, just as the security is in large part by effective law enforcement, it is a necessary condition of our freedom. U.S. v. Simpson 904 F. Supp. 1394, HH (S.D. Ind 1995). The exclusionary rule principally serves " to deter future unlawful police conduct and thereby effectuate the guarantee of the fourth amendment against unreasonable search and seizures." United States v. Calandra, 414 U.S. 338, 347, 94 S. Ct. 611, 621, 38 L. Ed. 2d 561 (1974). "[t]he rule is a judicially created remedy designed to safeguard 4th amendment rights through its deterrent effect ..." I d. at 348, 94 S. Ct. at 620. Thus, the rule must be applied in light of its deterrent purpose.

(how)

The exclusionary rule was adopted to effectuate the Fourth Amendment right of all citizens to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures . . . Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in criminal proceeding against the victim of illegal search and seizure. Weeks v. United States, 232 U.S. 383, S.Ct. 341 58 L.Ed. at a (1914); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961). Thus prohibition applies as well to the fruits of illegally seized evidence. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

U.S. v. Calandra, 414 U.S. 338, † 347, 94 S.Ct. 613, 619 (1974).

(Law)

Rule 41.; ADVISORY COMMITTEE NOTES 1944 Adoption; Note to Subdivision (e). Explain that A suppression motion must only be viewed in front of the trial Court.

The falsified search warrant is A knowingly misrepresentation of the truth to induce another to act to his or her detriment. pursuant to the Federal Rule Of Criminal Procedure, unlawful acts are punishable by law. (see) Title 18 U.S.C.A. 1018. Official certificates or Writings. (see) Title 18 U.S.C.A. 1016. Acknowledgment of appearance or oath. (see) Title 18 U.S.C.A. 1346. Definition of "scheme or artifice to defraud" (see) Title 18 U.S.C.A. 2073. False entries and reports of moneys or securities. (see) Title 18 U.S.C.A. 2071. Concealment, removal, or mutilation generally.

See hipperman. "Inaccurate search Warrant Affidavit" as grounds for suppressing evidence. 84 Harv. L. Rev (1971).

(Law)

      Pursuant to Federal Rules Of Criminal Procedure ; Rule 41.; 1972 Amendments; Subdivision (g) is changed to conform to subdivision (c) which requires the return to be made before Federal judicial officer even though the search warrant may have been issued by A nonfederal magistrate.

      Pursuant to Federal Rules Of Criminal Procedure ; Rule 41.; 1972 Amendments: The Affiant or witnesses must be examine by the Magistrate for issuance of A search warrant.

      The Federal Rules Of Criminal Procedure; Rule 41 also provide (a)(2)(B), (e)(2)(C), (f)(3)(A), (f)(5), and (i) in connection to A search warrant.

      A warrant is required to enter the defendant's own premises United States v. Calhoun, 542 F.2d 1004 (9th Cir. 1976); United States v. Lindsay, 506 F.2d 166 (D.C. Cir 1974); Dorman v. United States 435 F.2d 385 (D.C. Cir 1970).

(Relief Sought)

        Under the circumstances, the items seized on November 4, 2005 and all information obtained or as A fruit of such seizure; and all information obtained as A result of Mr. Snipe arrest, search, and seizure with an unlawful search warrant that has no legal basis on November 4, 2005 and thereafter must be Suppressed and Dismissed.

Wherefore the plaintiff respectfully prays that this motion be granted.

_Dexter Snipe_
Plaintiff's  Signature

_7-25-06_
Date

Subscribed and sworn to before me in my
Presence, this 25th day of July
2006, a Notary Public in and for the
County of Montgomery State of Alabama
Lisa Hampton Davis
(Signature)                          Notary Public
My Commission Expires March 17, 2009

## Certificate Of Service

Notice have been delivered by mail-out to:

U.S. Department Of Justice
United States Attorney
Middle District Of Alabama
P.O.Box 197
Montgomery, Al. 36101-0197

Notice have been delivered by mail-out to:

Office Of The Clerk
United States District Court
P.O.Box
Montgomery, Alabama. 36101-0711

For the United States Attorney Office.
I don't have any copys of the documents
I'm sending - the Court but they
are in my discovery documents. They are
Pages 50, 53, 54 61, 68, 93 and 95.

IN THE DISTRICT COURT OF MACON COUNTY, ALABAMA

STATE OF ALABAMA
    Plaintiff,

    :

    :    CASE NO: _____

DEXTER SNIPES,
    Defendant.

    :

## AFFIDAVIT FOR SEARCH WARRANT

Personally appeared before me, Judge Aubrey Ford, Jr., District Judge, the undersigned affiant, and after first being duly sworn, deposes and saith as follows:

My name is Detective Dan Motley. I am employed as a detective with the Tuskegee Police Department. I have been so employed for approximately one year. I have reason to believe that there is now being concealed certain property, to-wit: two DVD players, hair clippers and a television set at a safe, televisions and video cassette recorder at 303 E. Northside Street in Tuskegee, Alabama.

The facts tending to establish the grounds for issuance of a search warrant are as follows:
    This office, along with other agencies, have been investigating a number of burglaries in the Tuskegee area. On October 11, 2005, this officer learned that one suspect, known as Patrick Daniels, sold various stolen items to Dexter Snipes, a resident of the above referenced address. Based on the information gathered from the informant, this officer observed the residence of Dexter Snipes for approximately one and half weeks. While observing this residence, this officer noticed unusual amounts of traffic coming and going. Based on this information, this officer believes that contraband related to these burglaries may be at the residence of Dexter Snipes.
    This officer is further requesting that this department be allowed to enter the defendant's residence without knocking because he is known to carry weapons and is believed to be dangerous.
    Affiant shows that based on the above and forgoing facts and information affiant has probable cause to believe that the above described property is concealed upon the aforesaid premises and is subject to seizure and makes this affidavit so that a warrant may issue to search the said premises.

                    Det. Daniel Motley
                    Daniel Motley
                    Tuskegee Police Department

SWORN TO and SUBSCRIBED before me this the 31st day of October, 2005.

                    AUBREY FORD
                    DISTRICT JUDGE

# SEARCH WARRANT

STATE OF ALABAMA
    Plaintiff.

                                 :        CASE NO: _____

DEXTER SNIPES
    Defendant.               :

TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

      Affidavit in support of an application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8 of the <u>Alabama Rules of Criminal Procedure</u>, you are hereby ordered and authorized to forthwith search:

      The following person or place: The residence of Dexter Snipes, any vehicles parked in the yard at this residence, any storage bins in the yard, anything within the fenced area of the yard.

      For the following property: DVD players, hair clippers and a television set, and any other stolen property and/or contraband.

      And make return of this warrant and an inventory of all property seized thereunder before me within (   ) days [not to exceed 10 days] as required by law.

      [ ✓ ]   This warrant may only be executed in the daytime hours between two o'clock a.m. and eight o'clock p.m.

      [ ]   The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

      ISSUED TO ___Det. Daniel Motley___ at ___10:45 am___, this ___1st___ day of ___November___ 2005.

_____
AUBREY FORD
DISTRICT JUDGE

RETURN and INVENTORY

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _4:22_ o'clock _A_.M., _Nov. 4_.
_2005_, and:

{ } Did not find and seize any property located thereon.

or:

{X} Found and seized the following – described property and made return of same to the Court at _4:27_ o'clock _A_.M., _Nov. 4ᵗʰ 2005_

{X} Copy of warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Ala. Rules of Crim. Proc.

Date: _11-4-05_                          _Det. Motley #205_
                                         Signature of Law Enforcement Officer

                                         _Investigator   ∀ Tuskegee P.D._
                                         Title and Agency

Receipt

I acknowledge receipt of return of the foregoing Search Warrant and all items, if any, noted on the foregoing inventory, at the date and time noted above.

Date:_____        _____
                                     Judge/Magistrate

## RETURN and INVENTORY

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _4:22_ o'clock _A_ .M., _Nov. 4_ , _2005_ . and:

{  } Did not find and seize any property located thereon.

or:

{X} Found and seized the following – described property and made return of same to the Court at _4:27_ o'clock _A_ .M., _Nov. 4th 2005_

{ X } Copy of warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Ala. Rules of Crim. Proc.

Date: _11-4-05_

_Sgt. Motley #205_
Signature of Law Enforcement Officer

_Investigator  Tuskegee P.D._
Title and Agency

### Receipt

I acknowledge receipt of return of the foregoing Search Warrant and all items, if any, noted on the foregoing inventory, at the date and time noted above.

Date: _11/23/05_

_____
Judge/Magistrate

INVENTORY LIST SEARCH WARRANT

```
1- EX_CELL 2200 PSI  PRESSURE WASHER SER#000066598
1- HEAT BUSTER FAN  MOD# SPL4223  SER# B01
1- RCA 19" TELEVISION  SER# 102476869
1- CAMPBELL HAUSFIELD AIR COMPRESSOR  SER# L1011200001688
6- CAR BATTERIES
1- YELLOW TOOLBOX W/ MISC. TOOLS
1- UNK TYPE CHARGER MOD# CJO58
1- MICROWAVE 40 WATTS
1- DURABAND 5CD STEREO SYSTEM  MOD#  CD2158
1- 2.4 SKILSAW (RED)  SER# 1138812
1- LENOX SOUND CD PLAYER
1- FREON CAN
1- FLOOR JACK
1- WEEDEATER  (CLICK LINK)
1- FUNAI 13" TELEVISION  SER# S37444916
2- AIR TANKS (RED)
1- SAMSUNG MICROWAVE
2- GREY FLOOR JACKS
1- WINDOW AIR UNIT
2- JACK STANDS 6-TON (RED)
2- GREEN BLOWER
1- SUPERLINE BUFFER (RED)
1- PORTER CABLE DRILL W/ CASE
1- AIR POWER STREETLINE  SER# TL1016
1- WEEDEATER  (GREEN)
1- LENOX SOUND CASSETTE PLAYER  (GREY)
1- FLOOR JACK  (RED)
2- PRO 1 READY HEATER
1- MITSUBISHI 13" TELEVISION  SER# 362048
1- WHITE / BLACK AIR TANK
1- AVANTI REFRIGERATOR  SER# 57E-00777
1- BRIGGS & STRATTON GENERATOR  SER# 1008583745
1- SAMSUNG DVD/VCR PLAYER (GREY)
4- HAIR CLIPPERS(1-BLK/GRY, 1-GRY, 2-BLK/GRY)
1- JWIN DVD PLAYER (GREY)  SER# 041084091
1- MAGNAVOX DVD PLAYER (GREY)  SER# DO3518401A
1- CTBERHOME DVD PLAYER
1- DIRECTCOURCE BOX  (UNK TYPE OR MOD)
1- SUNL SCOOTER  (BLK)
1- ROADRAGER SCOOTER  (BLUE)
1- CLIFFHANGER BICYCLE  10 SPD  (BLK)
1- RCA 25" TELEVISION  SER# B356B237B
1- DUPONT FREON 22  (R22)
1- SANYO FLAT SCREEN TELEVISION  SER# V4211075897470
1- SPEAKER BOX W/ 2 WOOFERS
1- PHILLIPS VCR (BLK) SER# 45618692
*- ASSORTED MISCELLANEOUS TOOLS
```

STATE OF ALABAMA          )   IN THE CIRCUIT COURT OF
  Plaintiff            (
                 )   MACON COUNTY, ALABAMA
                 (
vs               )   CASE NUMBER(S): CC-92 - 154
               (
_Dexter Snipe_   )   CC-92-153
  Defendant.      (

Comes now the State of Alabama, by and through its District Attorney and shows unto this Court that the Defendant has been indicted by the Grand Jury of Macon County, Alabama, for the following offense(s):

CC-92-   Disorderly Conduct
CC-92-   Public Intoxication
CC-92-   Resisting Arrest
CC-92-   Poss of Cocaine

The State of Alabama, by and through its District Attorney, after considering all the facts and law pertaining to the charges against the Defendant, recommends to this Court that should the Defendant desire to plead guilty and provided this Court accepts said guilty plea, that the following disposition of the case(s) be ordered by this Court:

CC-92   Poss of Cocaine 5 yrs ( 4 yr csl/2 mins
CC-92   Resisting Arrest N/P   N/P "153"
CC-92   Disorderly Conduct   6 mo CC
CC-92   Public Intoxication   N/P

or the minimum available under the Alabama Habitual Act should it apply. Restitution is (is not) appliable. The State of Alabama (will oppose)/will not oppose/will take no position on probation. The State would recommend/oppose "boot camp"/split-sentence/reverse split.

IT IS further agreed to by the Defendant and his Attorney(s) of record that should the hereinabove recommended disposition of the cases against the Defendant be approved by the Court, that the Defendant will enter a plea of guilty and that no appeal of this plea of guilt will be taken.

DONE this the 5th day of _October_ , 1992

_Dexter M. Snipe_
DEFENDANT

_Attorney/Witness_
ATTORNEY OF RECORD FOR DEFENDANT

Court Cost:_____
Fine:_____
VC Award:_____
Attorney Fees:_____

_E. L._
E. J. "Mac" McArthur, Deputy
District Attorney
Fifth Judicial Circuit

Restitution Due: (total)_____

and six (6) months for Disorderly Conduct with 2 months jail credit.

Be it further Ordered that all of the sentences imposed by the Court will run <u>concurrent</u> and Dexter Snipes will serve a total of four (4) years.

Done this 8th day of October, 1992.

_____
Aubrey Ford District Judge

I, Eddie D. Mallard, Clerk of Macon County Circuit Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appears of record in said Court.
Witness my hand this 18 day of June, 20 05

/s/ EDDIE D. MALLARD
    Clerk, Macon County Circuit Court