IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06cr95-MHT |
| | ) | |
| DEXTER SNIPES | ) | |

**UNITED STATES' RESPONSE TO MOTION TO SUPPRESS**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to Defendant/Movant Dexter Snipes' Motion To Suppress evidence as follows:

**I. FACTUAL FOUNDATION FOR THE SEARCH**

1. Detective Dan Motley ("Motley") of the Tuskegee (Alabama) Police Department averred before District Judge Aubrey Ford, Jr., that, while investigating a number of burglaries in the Tuskegee area, he received information that Defendant Dexter Snipes ("Snipes") had purchased stolen items from Patrick Daniels, a burglary suspect. See Exhibit A, Motley Affidavit.

2. Motley observed Snipes' residence for approximately a week and a half, and in so doing, noticed an unusual amount of traffic coming and going. These observations led Motley to believe that contraband related to the burglaries was kept at Snipes' residence. Id.

3. On October 31, 2005, Motley applied for a "no-knock" warrant to search Snipes' home. The affidavit averred that he had observed behavior which led him to believe that stolen property was at the home, and that Snipes was known to carry firearms and thus posed a danger to law enforcement. See Exhibit A.

4. On November 1, 2005, District Judge Aubrey Ford, Jr. approved a warrant. See Exhibit B, the warrant. The warrant permitted a search of Snipes' residence, any vehicles parked in the yard, and anything within the fenced area of the yard. It specified that the search be executed between 2:00 a.m. and 8:00 p.m, and directed the officers to search for specific items listed in Motley's affidavit, in addition to "any other stolen property and/or contraband."

5. The officers executed the search of Snipes' residence on November 4, 2005, at 4:22 a.m. When the warrant was executed, Snipes was located in a vehicle in front of his residence. He had on his person an Armi F.lli Tanfglio-Gardone, Model GT 380, .380 caliber pistol, serial number T67385 and a Hi Point, Model CF380, .380 caliber pistol, serial number P782936. A North China Industries, Model SKS, 7/62 caliber rifle, serial number 600668 was located in the trunk of the vehicle. There was also $4,980.00 in United States currency, 8.42 grams of marijuana, and 47.52 grams of cocaine base located inside the vehicle.

6. The search of the residence itself produced a Hi Point, Model JCP, .40 caliber pistol, serial number X704309, and a Winchester, Model 1911, .12 gauge shotgun, serial number 30755.

7. Motley filed an inventory return sheet on November 4, 2005. Judge Ford acknowledged receipt of the warrant and inventory on November 23, 2005. See Exhibit C, the inventory return.

## II. SNIPES' MOTION TO SUPPRESS

8. Snipes filed a motion to suppress evidence on July 31, 2006. (Doc. # 25.) The motion alleges several deficiencies in the supporting affidavit, warrant, and inventory return which, he claims, gave rise to an illegal search in violation of his rights under the Fourth Amendment to the United States Constitution. (Doc. # 25, at 3-5, 7-9.)

### III.  ANALYSIS OF LAW AND FACTS

11.  The United States addresses Snipes' factual and legal allegations concerning the affidavit, warrant, and inventory return seriatim.

**Affidavit**

A.  Address on affidavit not correct: The affidavit gives Snipes' address as "303 E. Northside Street."  His actual address is 304 E. Northside Street.  The incorrect address does not defeat the integrity of the affidavit because Motley observed Snipes' residence for over one week.  Despite his submission of an affidavit with an incorrect address, Motley knew which of the premises on East Northside Street was occupied by Snipes.  Even though the actual warrant adequately described Snipes' residence, the ability of the executing officer to locate and identify the premises is the concern of the courts which have reviewed this issue.  See United States v. Johnson, 437 F.3d 69, 73 (D.C. Cir. 2006).  In this case, Motley's knowledge of the actual location of Snipes' residence renders the affidavit's description sufficient.

B.  Affidavit presents information from a minor: The affidavit relayed information from an unnamed informant.  Snipes submits no evidence that the informant is a minor.

C.  Warrant only permitting confiscation of stolen items: The warrant permitted officers to search for listed items and "any other stolen property and/or contraband."  Contraband is defined as "any property which is unlawful to produce or possess."  Black's Law Dictionary, 6th Ed.  The possession of marijuana and cocaine base is illegal.  As a previously convicted felon, Snipes was also forbidden by law to posses the firearms found in his possession.

D.  Judge's signature does not match other documents in Snipes' possession: The United States cannot respond to Snipes' claim that the signature of District Judge Aubrey Ford does not

match his documents. It can only state that it is the judge's signature, and note that the signatures on the affidavit and warrant match. Compare Exhibits A and B.

**Warrant**

A. No address to be searched: The warrant specifies that the search is to be conducted at "the residence of Dexter Snipes." This description sufficiently particularized the place to be searched, despite the omission of Snipes' formal address. See United States v. Johnson, 437 F.3d at 73.

B. Does not describe all the seized evidence: The warrant permitted officers to search for listed items and "any other stolen property and/or contraband." Contraband is defined as "any property which is unlawful to produce or possess." Black's Law Dictionary, 6th Ed. Snipes' possession of marijuana, cocaine base, and firearms were illegal, and therefore, contraband.

C. Time of search: The warrant permitted officers to conduct a search between the hours of 2:00 a.m. and 8:00 p.m. The search was conducted at 4:22 a.m., which is within the window permitted by the warrant.

D. Warrant not stamped by clerk: There is no requirement that a clerk stamp a search warrant in order for it to be valid.

E. Officers did not knock before entering: The affidavit requested a "no-knock" warrant due to Snipes' propensity to carry weapons and Motley's belief that he was dangerous. The Eleventh Circuit recently decided that an officer's burden for a "no-knock" warrant is "not high." United States v. Segura-Baltazar, 448 F.3d 1281, 1290 (11th Cir. 2006). "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile . . . ." Id. at 1289. Snipes' history of controlled substance convictions and reputation for being armed meet the criteria outlined for "no-

knock" warrant justification.

Additionally, Snipes was in a vehicle in front of his house when the warrant was executed, and therefore was not inside his home when officers arrived. The United States notes that, even at four in the morning and located inside a car, Snipes was heavily armed and in possession of two controlled substances, marijuana and cocaine base.

F. Falsified signature: Snipes asserts that all documents have falsified signatures. Other than Judge Ford's, he does not specify which signatures are false. The United States maintains that Judge Ford's signatures are genuine.

G. Untimely return of warrant and inventory: Motley dated the return of warrant and inventoried items on November 4, 2005, which is the same date as the search of Snipes' residence, and within ten days. On November 23, 2005, Judge Ford acknowledged receipt of the same "at the date and time noted above." His acknowledgment incorporates the date of return indicated by Motley.

H. Different dates on warrant and affidavit: Motley informs the United States that he completed his affidavit on October 31, 2005, but was unable to locate Judge Ford to formally apply for a warrant on that date. He succeeded on the next day, November 1, 2005, when the warrant was issued.

I. Inability to obtain a copy of the warrant: The United States cannot comment upon or influence Snipes' access to documents from the Tuskegee/Macon County court system.

**Return and Inventory**

A through C. - Falsified copy - Snipes received two copies of the inventory return sheet. One was Bates-stamped #61 (Exhibit C), while the other was Bates-stamped #54. See Exhibit D. Page

54 does not show Judge Ford's signature with a date of November 23, 2005, while page 61 does. They are identical in all other respects.

Snipes' contention that the inventory was not endorsed, or acknowledged, is refuted by reference to page 61.

D.  False signature - Judge Ford's signatures match on each document.

## IV.  CONCLUSION

For the above reasons, the motion to suppress is without merit and should be denied.

Respectfully submitted this 4th day of August, 2006.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Tommie Brown Hardwick
        TOMMIE BROWN HARDWICK
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        tommie.hardwick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06cr95-MHT |
| | ) | |
| DEXTER SNIPES | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the same via hand delivery on pro se defendant: Dexter Snipes.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
tommie.hardwick@usdoj.gov