IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr95-MHT |
| | ) | |
| DEXTER SNIPES | ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO MOTION TO SUPPRESS**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to Defendant/Movant Dexter Snipes' Motion To Suppress evidence as follows:

**I.  FACTUAL FOUNDATION FOR THE SEARCH**

1. The government adopts the factual foundation and attachments A, B, C, and D submitted in government's initial response to defendant's motion to suppress, as fully set forth herein. (Doc. 27-1).

2. In addition to the facts, Officer Daniel Motley presented his affidavit for the search warrant, Motley knew that on September 8, 2005, the defendant has been charged by a grand jury in the Middle District of Alabama with being a felon in possession of a firearm. Officer Motley knew that the date of the alleged offense was May 24, 2005. Officer Motley knew that Snipes was in possession of six firearms according to the indictment. As stated in the affidavit, Motley knew that Snipes "was known to carry weapons and [was] believed to be dangerous." (Doc. 27-1, Attachment A). Officer Motley personally observed Snipes's residence for over a week before seeking and obtaining a search warrant for the premises.

3. Officer Motley submitted his affidavit for the search warrant based upon information provided to him and based on his personal observation that the Snipes residence had heavy traffic going in and out of the residence.

## II. LEGAL ARGUMENT

The defendant's motion to suppress should be denied based upon Officer Daniel Motley's reasonable reliance upon a search warrant that was issued by Judge Aubrey Ford, a neutral and detached Judge.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court decided the question of whether the Fourth Amendment's exclusionary rule should bar the prosecution's use of evidence obtained by officers acting in reasonable reliance upon a search warrant issued by a detached and neutral magistrate, but ultimately found to be unsupported by probable cause. 468 U.S. at 900. The Court recognized that the resolution of the issue required consideration of "the tension between the sometimes competing goals of, on the one hand, deterring official misconduct and removing inducements to unreasonable invasions of privacy and, on the other, establishing procedures under which criminal defendants are 'acquitted or convicted on the basis of all the evidence which exposes the truth.'" *Id.* at 900-901, quoting *Alderman v. United States*, 394 U.S. 165, 175 (1969).

Where the officer's conduct is objectively reasonable, "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way; for it is painfully apparent that... the officer is acting as a reasonable officer would and should act in similar circumstances. Excluding the evidence can in no way affect his future conduct, unless it is to make him less willing to do his duty." (Citation omitted).

Relying on *United States v. Peltier*, 422 U.S. 531, 539 (1975), and *Michigan v. Tucker*, 417 U.S. 433, 447 (1974), the *Leon* Court reasoned that the deterrence rationale underlying the exclusionary rule loses much of its force in cases in which law enforcement officers act in complete good faith. 468 U.S. at 919.  Therefore, "'evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional.'" *Id.* (quoting *Peltier*, 422 U.S. 542).

This is particularly true ... when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.  In most cases there is no police illegality and thus nothing to deter.  It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment.  In an ordinary case, an officer cannot be expected to question the magistrate's [judge's] probable cause determination or his or her judgment that the form of the warrant is technically sufficient.  Penalizing the officer for the magistrate's  [judge's] error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.  468 U.S. at 919-921 (quoting *Stone v. Powell*, 428 U.S. 465, 539-40 (1976)).  *United States v. Taxacher*, 902 F.2d 867, 871 (11th Cir. 1990).

Finally, the *Leon* Court held that, when an officer has acted in good faith and in objectively reasonable reliance upon a search warrant that is invalidated later, the evidence resulting from the search should be suppressed in only four limited sets of circumstances.  *Leon* at 922, 923.  The four are (1) where "the magistrate or judge issuing a warrant misled by information in the affidavit that the affiant knew was false or would have known was false except

for his reckless disregard of the truth": (2) where "the issuing magistrate [judge] wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979)"; (3) where the affidavit supporting the warrant is "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'"; and (4) where, depending on the circumstances of the particular case, a warrant is "so facially deficient–i.e., in failing to particularize the place to be searched or the things to be seized– that the executing officer cannot reasonably presume it to be valid." *Leon* at 923, *Tuxacher*, at 92.

In the instant case, well established holdings in *Leon* should apply since the officer did have a good faith reliance on the judge to make a determination of probable cause.

### III.  INEVITABLE DISCOVERY

The defendant was going to be arrested pursuant to an arrest warrant issued after the grand jury returned an indictment against the defendant. *See Nix v. Williams*, 467 U.S. 431 (1984). The defendant was found in his car in front of the residence. After the officer removed the defendant from the vehicle, they noticed that one .380 pistol fell to the ground and the defendant was pulled from the vehicle. Another firearm was sticking down into a rope which the defendant had tied around his waist. The defendant was the driver of the vehicle. When the defendant was removed from the driver's seat, officers observed a controlled substance.

### IV.  SEARCH INCIDENT TO A LAWFUL ARREST

The Supreme Court in *New York v. Belton*, 453 U.S. 454, 458 (1981), revisited the holding in *Chimel v. California,* 385 U.S. 752 (1969). In *Belton*, the Supreme held that its,

> "...reading of cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within 'the area into which an arrestee might

4

    reach in order to grab a weapon or evidentiary ite[m].'" *Chimel* at 763. In order to establish the workable rule this category of cases requires, we read *Chimel's* definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."

*Belton,* at 458.

In the instant case, the officer arrested defendant Snipes pursuant to a valid warrant, which has not been challenged or disputed. The government avers that the search warrant should not be suppressed because the officer had a good faith reliance on a Judge's determination of probable cause. Notwithstanding, the officer also made a lawful arrest of the defendant. Therefore, the firearms on Snipes' person, the drugs in the driver's seat and in the glove compartment, should not be suppressed. Since the vehicle was impounded, the firearm in the trunk should not be suppressed.

## V. CONCLUSION

For the above reasons, the motion to suppress is without merit and should be denied.

Respectfully submitted this 7th day of August, 2006.

                            Respectfully submitted,

                            LEURA G. CANARY
                            UNITED STATES ATTORNEY

                            /s/ Tommie Brown Hardwick
                            TOMMIE BROWN HARDWICK
                            Assistant United States Attorney
                            Post Office Box 197
                            Montgomery, Alabama 36101-0197
                            (334) 223-7280
                            (334) 223-7135 fax
                            tommie.hardwick@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr95-MHT |
| | ) | |
| **DEXTER SNIPES** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the same via hand delivery on pro se defendant: Dexter Snipes.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Tommie Brown Hardwick
    TOMMIE BROWN HARDWICK
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    tommie.hardwick@usdoj.gov