IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACTION NO. |
| | ) | 3:06cr95-MHT |
| DEXTER WAYNE SNIPES | ) | |

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment. You must make your decision

only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government. Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during

your deliberations. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term

"evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that the opening statements and closing statements are not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What is said during the opening statements and closing statements is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact

in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was

telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people naturally tend to forget some things or

remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer.  You must consider him or her as any other witness.  Under the laws of the United States, witnesses, including law enforcement officers, are the same.  Feelings of support for law enforcement officers,

right or wrong, have no place under our system of justice.

## II.

The defendant in this case is Dexter Wayne Snipes. Snipes is charged with four counts in the indictment. I will now explain to you what the counts are in the indictment, and what the law says with respect to the offenses charged in each count.

### Count One: Possession with Intent to Distribute a Controlled Substance

This count of the indictment alleges, in relevant part:

> "On or about the 4th day of November, 2005, in Macon County, within the Middle District of Alabama, DEXTER WAYNE SNIPES, defendant herein, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance which contains cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States, section 841(a)(1)."

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine base is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the defendant knowingly and willfully possessed a substance which contained cocaine base, as charged; and

<u>Second</u>:   That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The defendant is charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance. However, you may find the defendant guilty of the offense if the

quantity of the controlled substance for which he should be held responsible is less than the amount of weight charged. Thus, the verdict form prepared with respect the defendant, as I will explain in a moment, will require, if you find the defendant guilty, to specify on the verdict form your unanimous finding concerning the weight of the controlled substance attributable to the defendant.

### Count Two: Possession of a Controlled Substance

This count of the indictment alleges, in relevant part:

> "On or about the 4th day of November, 2005, in Macon County, within the Middle District of Alabama, DEXTER WAYNE SNIPES, defendant herein, did knowingly and intentionally possess marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States, section 844(a)(1)."

Title 21, United States Code, Section 844(a), makes it a Federal crime or offense for anyone to possess a "controlled substance."

10

Marijuana is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that offense only if the following facts are proved beyond a reasonable doubt:

> That the defendant knowingly and willfully possessed marijuana, as charged.

### Count Three: Carrying or Possessing a Firearm During Drug Trafficking

This count of the indictment alleges, in relevant part:

> "On or about the 4th day of November, 2005, in Macon County, within the Middle District of Alabama, DEXTER WAYNE SNIPES, defendant herein, did knowingly use and carry an Armi Fabri, Model GT 380, .380 Caliber Pistol, bearing SN T67385, and a HiPoint, Model CF 380, .380 Caliber Pistol, bearing SN P782936, during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearms in furtherance of a drug trafficking offense as charged in Count 1 herein, in violation of Title 18, United States, section 924(c)(1)(A)(i)."

Title 18, United States Code, Section 924(c)(1), makes it a separate Federal crime or offense for anyone to carry a firearm during and in relation to a drug trafficking crime.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the defendant committed the drug trafficking offense charged in Count 1 of the indictment;

<u>Second</u>:  That during the commission of that offense the defendant knowingly carried a firearm, as charged; and

<u>Third</u>:   That the defendant carried the firearm "in relation to" the drug trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" a firearm means that the defendant either had a firearm on or around his person or transported,

conveyed or controlled a firearm in such a way that it was available for immediate use if the defendant so desired during the commission of the drug trafficking offense; and to carry or possess a firearm "in relation to" an offense means that there must be a connection between the defendant, the firearm, and the drug trafficking offense so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose.

### Count Four: Felon in Possession of a Firearm

This count of the indictment alleges, in relevant part:

> "On or about the 4th day of November, 2005, in Macon County, within the Middle District of Alabama, DEXTER WAYNE SNIPES, defendant herein, having been convicted of a felony punishable by imprisonment for a term exceeding one year under laws of the State of Alabama, did knowingly possess, in and affecting commerce, the ammunition and the firearms listed below:
>
> 1) Armi Fabri, Model GT 380, .380 Caliber Pistol, bearing SN T67385,

>     2) HiPoint, Model CF 380, .380 Caliber
>     Pistol, bearing SN P782936,
>
>     All in violation of Title 18, United
>     States, section 922(g)(1)."

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

<u>Second</u>:  That before the defendant possessed the firearm the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the

frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state. It is not necessary for the government to prove that the defendant knew that the firearm had moved in interstate commerce before the defendant possessed it, only that it had made such movement.

### III.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession. A person who knowingly has direct physical control of something is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it. If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint. Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

A separate crime or offense is charged against the defendant in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged

should not affect your verdict as to any other offense charged.

### IV.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted, the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but

only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict form, date and sign it, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.