RECEIVED
2006 AUG 22 A 9:30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In The District Court Of The United States
For The Middle District Of Alabama
Eastern Division

Dexter Wayne Snipe
v.                                            CR. NO. 306 cr 95—MHT
United States Of America

## Motion Of Renewal Of Acquittal and Motion to suppress the automobile search of "Incident to Arrest".

### Indroduction

Come now the Plaintiff, Dexter Wayne Snipe. There will be summerize accounts from Mr. Snipe discovery documents, police reports from the Tuskegee Police Department, Dates + Times of various sitiations, first indictment + second indictment, The Grand Jury Investigation, Jury Ballot + Verdict, the Court instruction to the jury, United States Response to Motion to suppress, order on arraignments, frist and second arrest warrant, Forensic Science Report, facts, Brief of Law, order on motion of suppression hearing, and Grounds for Acquittal.

Mr. Snipe respectfully move the Court for an order of Acquittal on grounds, the Government have not argued or introduced any evidence on "Incident to Arrest". The Government arguement in the suppression hearing was soley on the search warrant and the consequential fruits. The Grand Jury Investigation Report is built on the search warrant which have been ruled invalid.

Facts

In support of this motion, it will be shown that Tuskegee Police arrested Mr. Snipe with a search warrant "(that later have been ruled invalid)" to take sole possession of the consequential fruits of the seizure for the invalid search warrant.

① On November 4, 2005 at 4:00 a.m., Tuskegee Police Departant serve there search warrant assisted by other agencies at the property of Mr. Snipe which is A fenced in area.

② Intered Mr. Snipe property shooting in the air, pull Mr. Snipe from his car where he was asleep, face him down on the ground, secured the primes, and begin to search.

③ Upon request of Mr. Snipe to most of the officers, for any document pertaining to this intrudion but were not shown or given any documents.

④ Upon searching, seized certain consequential fruits of the "(forged)" search warrant.

⑤ Arrested Mr. Snipe, transfered him to Tuskegee Police Department for processing, soon after transfered him to the Tuskegee Sheriff Department for lock-up.

⑥ There Mr. Snipe post bond but was held for the federal agents.

⑦ Agents came and took possession of Mr. Snipe about 5:00 p.m., arrest him for an indictment of felon in possession of firearm, read him his rights, transfered him to Montgomery federal holding on November 4, 2005 at 6:14 p.m. that evening.

⑧ Mr. Snipe was then processed and incarcerated.

⑨ Mr. Snipe went to trial by jury and was convicted on felon in possession of firearms on March 28, 2006.

⑩ One week later on April 5, 2006 Mr. Snipe was indicted by Grand Jury for the Tuskegee Police search warrant from November 4, 2005 at 4:22 a.m.

⑪ Another week later on April 12, 2006 A federal Arrest Warrant was issued for Mr. Snipe arrest for the Tuskegee Police Department search warrant from November 4, 2005 at 4:22 a.m.

⑫ Mr. Snipe was then brought before A federal Magistrate Judge and arraigned on April 19, 2006

⑬ Mr. Snipe file for A suppression hearing for suppressing the Tuskegee Police Department search warrant and all fruits.

⑭ On August 7, 2006 the Court ruled the search warrant invalid but then ruled "Incident to Arrest", when there were no arguement or no evidence presented by the Government on Incident to Arrested.

Case 3:06-cr-00095-MHT-CSC   Document 44   Filed 08/22/2006   Page 5 of 20

Page 5

(15) The next day after the suppression hearing on August 8, 2006, Mr. Snipe had A Trial by Jury and was found guilty by the fruits of A invalid search warrant bescribe as "Incident to Arrest," which the Government did not argue or present any evidence on.

Grounds to acquit and dismiss

On August 7, 2006 the Court ruled the search warrant was invalid but then ruled "Incident to Arrest" when there were no arguement or evidence presented by the Government on Incident to Arrest. The Grand Jury Investigation Report, foundation is built on the search warrant that have been ruled invalid, thus showing why this conviction should be overturn and therefore granting Mr. Snipe an Acquittal. Befor and during Trial, there are many other defect and deficienies in instituting this prosecution.

(16) On November 4, 2005 at 4:00 a.m. Tuskegee Police Department served there search warrant assist by other agencies at Mr.Snipe property which is A fence in area.

Ⓐ Tuskegee Police Department search warrant, supporting affidavit and (2) two returns, had many defects of forged signatures, (a) different return times and more but the Court ruled the search warrant invalid because it lack proable cause

Ⓑ There were 3 or 4 different agencies carring out this unlawful intry and search. Upon request of Mr. Snipe for documents of this intry, no one produce any kind therefore understanding this was A Malicous arrest.

(17) Tuskegee Police arrested, transfered, process and incarcerated Mr. Snipe. Mr. Snipe paid his bond but was held pending A federal indictment of felon in possession of firearms. Later that day about 5:00 p.m. Federal Agents sign Mr. Snipe out of the Tuskegee Sheriff Department, read him his rights, transfered him to federal holding facility for processing in Montgomery Alabama on November 4, 2005 at 6:14 p.m.

(18) Holms of the Tuskegee Police Department got the evidence from the evidence room took it to the Forensic Science Lab for testing and later brought it to court for evidence, and introducing several pieces of evidence to the Jury that I was not charge with.

⑲ Indicted on April 5, 2006 by the Grand Jury for the forge search warrant evidence from November 4, 2005 at 4:22 a.m.

Ⓐ Document 1 filed 4-5-06, is the Indictment for April 5, 2006

Ⓑ Document #14-1 date filed: 4-19-06 is the order on arraignment

Ⓒ The Grand Jury Investigation report - CRC 06-0136, read, page 8 line 14 is dated for the day it was recorded which show the date being April 27, 2006, when Mr. Snipe was indicted April 5, 2006. It can not be legal for the indictment to come 22 days before the Grand Jury Investigation for the indictment.

Ⓓ The foundation of the federal agent testimony to the Grand Jury is built on the search warrant.

⑳ On April 12, 06 A federal arrest warrant was issued for MR. Snipe arrest pertaining to the search warrant for November 4, 2005 at 4:22 a.m.

㉑ Mr. Snipe discovery documents show reports from Tuskegee Police Department that clearly show Tuskegee Police taking responsibility and claim for the search warrant, seized evidence and arrest.

(22) Mr. Snipe was first indicted September 5, 2005, two months before Tuskegee Police intered with search warrant of Mr. Snipe property. Tuskegee Officer Motley testified he observed Mr. Snipe property for one week and A half. Federal agencies could have arrest at anytime, thus showing the obvious, Tuskege Police boldness with A forge search warrant

(23) Tuskegee Sheriff Department records show Mr. Snipe release to the agents and the cause, federal indictment of felon in possession of firearms. Mr. Snipe bonded out on Tuskegee Search Warrant evidence.

(24) Document #41-1 Date File: 8-11-06 Opinion and order of motion to suppress, shows the ruling of the invalid search warrant, (see) page 12 first paragraph, the last 4 words.

(25) The first arrest warrant showed the date 11-7-05 but was writen over to read 11-4-05. It is clear to the eye that this arrest worrent have been falsified.

26) The Forensic Science Report said there were 47.58 grams of cocaine (Base), but Mr. Snipe indictment of count 1 said, to distribute 50 grams or more cocaine (Base). The Court instruction to the jury stated that it can be less controlled substances than the amount of weight charge. Mr. Snipe object before the jury went in to deliberations and the Court denied, Mr. Snipe object for the record. Several bags of pills was shown to the jury that I was not indicted for, thus prejustice Mr. Snipe

27) I object to the verdic form because Mr. Snipe ask to have extra line, to find exactly what the jury finding was.

28) The Government did not present arguement or any evidence on "Incident to Arrest" because it did not pertain to the search warrant of Mr. Snipe Property nor did the Grand Jury hear any evidence on incident to arrest.

29) During the suppression hearing the Government talk to Mr. Snipe on occasion in request of her Boss. They were making A proposal of withdrawing there motion for career criminal if Mr. Snipe pleaed guilty

Upon the Court denying Mr. Snipe motion to suppress also in conversation saying, if the Court grants Mr. Snipe motion, then this case will be dismissed and the proposal would not matter.

(30) The Government did not introduce any evidence or argue "Incident to Arrest" it is quite the contrary. (Read) Document 27-1 filed on 08-04-2006, which is The United States Response To Motion To suppress and The Factual Foundation For The Search, All evidence and arguement targets the search warrant "only."

(31) The automobile search Incident to Arrest should be suppress.

(32) No arrest warrant on the scene

(33) The Government did not prove the intent to distribute nor did they prove possession. because not one officer testified that they retrieved any guns or drugs, the question is, who retrieve the guns or the drugs between all of the officers that testified and from where did they retrieve them.

(34) The agent said one gun move in interstate nexus and one move in interstate commerce by reading the indictment, they are the same gun.

35) Officer Motley did not testify to seeing guns or drugs.

36) Officer Cheatom testified he only saw to hand guns but could not identify them.

37) Officer Nelms testified, he held position at the perimeter but move later and he was about 15 or 20 feet away.

38) The Government did not prove Mr. Snipe had guns or drugs because the evidence was not fingerprinted nor did any officer testify to finding guns or drugs thereself, so who actually found guns or drugs and where; also what's there names.

39) The Government showed three bags of pills and one extra bag of cocaine (Base) to the jury that was not charge in the indictment according to the Forensic Science Report, this action prejustice Mr. Snipe. The jury had A question about the two bags of cocaine (Base) but the Court said he could not answer that question. The question; do they rule on the bag that say 47.58 grams or should they rule on both bags with one having A undetermining amount of weight.

㊵ The Government did not prove count 1, count 1 in the indictment by Grand Jury charges 50 grams or more, Mr. Snipe was found guilty on 47.58 grams

㊶ The Government did not prove count 3 because they did not prove count 1 as charge in the indictment, the connection is clear to the eye.

## Brief of Law

Pursuant to the Federal Criminal Code and Rules, Rules of Evidence, Rule 201., Advisory Committee Notes. Note to Subdivision (a). This is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of "adjudicative" fact. NO rule deals with judicial notice of "legislative" facts. Also, read the fourth paragraph and the fifth paragraph. Hawkins v. United States 358 U.S. 47, 79 S.Ct. 136, 3 L.ED.2d 125 (1958), also it should however leave open the possibility of introducing evidence through regular channels in appropriate situation. (See) Borden's Fram Production Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281 (1934). People v. Pride, 16 Ill.2d 82, 156 N.E. 2d 551 (1951). Hughes v. Vestal, 264 N.C. 500 142 S.E. 2d 361 (1965).

Pursuant to the Rules Of Criminal Procedure, Rule 41., 1979 Amendments.. This amendment to rule 41 is intended to make it possible for A search warrant to issue to search for A person under two circumstances: (i) when there is probable cause to arrest that person; or (ii) when that person is being unlawfully restrained.

A search warrant is required to inter the defendant's own premises, (See) United States v. Calhoun, 542 F.2d 1094 (9th Cir. 1976); United States v. Lindsay, 506 F.2d 166 (D.C. Cir. 1974); Dorman v. United States, 435 F.2d 385 (D.C. Cir. 1970)

A search warrant is required to inter and arrest: Rotenberg & Tanzer, Searching for the person to be Seized, 35 Ohio St. L. J. 56, 69 (1974).

Rule 41. of the Rules Of Criminal Procedure, stated, so items which are solely "testimonial" or "communicative" in nature might well be inadmissible on those grounds. Schmerber v. California, 384 U.S. 757 (1966).

Black Law Dictionary Series: Criminal Law Terms; The following numbered terms will be presented

1). forgery — The act of fraudulently making A false document or altering A real one to be used as if genuine; though forgery was A misdemeanor at common law, modern statutes typically make it A felony.

2). malicious prosecution — the institution of A criminal or civil proceeding for an improper purpose and without probable cause; the cause of action resulting from the institution of such A proceeding.

3). false statement — A untrue statement knowingly made with the intent to mislead; any one of three distinct federal offenses: (1) falsifying or concealing A material fact by trick, scheme or device; (2) making A false, fictitious, or fraudulent representation; and (3) making or using A false document or writing 18 U.S.C.A. § 1001.

4). Perjury — The act or an instance of A person's deliberately making material false or misleading statements while under oath

5) manifest constitutional error - an error by the trial court that has an identifiably negative impact on the trial to such A degree that the constitutional rights of A party are compromised.

6) manifest error - A error that is plain and indisputable, and that amount to A complete disregard of the controlling law or the credible evidence in the record.

7) plain error - an error that is so obvious and prejudicial that an appellate court should address it despite the parties failure to raise A proper objection; plain error is often said to be so obvious and substantial that failure to correct it would infringe A party's due-process rights and damage the integrity of the judicial process.

8) reversible error - an error that affects A party's substantive rights or the case's outcome, and thus is grounds for reversal if the party properly objects.

9) advisory jury - A jury impaneled to hear A case when the parties have no right to A jury trial.

10) unlawful - Not authorized by law; illegal; Criminal Punishable < unlawful entry >.

11) fraud - A knowing misrepresentation of the trueth or concealment of A material fact to induce another to act to his or her detriment

The entry of Mr. Snipe private property was an unlawful act by Tuskegee Police which is conduct that is not authorized by law and is A violation of civil and criminal law.

Prohibition applies as well to the fruits of the illegally seized evidence. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed 2d 441 (1963); Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed 319 (1920)

U.S. v. Calandra, 414 U.S. 338,* 347, 94 S.Ct. 613, 619 (1974)

405 F.3d 257.* 241 - Requires that Courts distinguish between constructive amendments of the indictment which are reversible per se, and Variances between indictmen and proof, which are evaluated

under the harmless error doctrine. The allepted test is that A constructive amendment of the indictment occurs when the jury is permitted to convict; The defendant permitted upon factual basis that effectively modifies as essential element of the offense charged in the indictment... In such cases reversal is automatic, because the defendant may have been convicted on A ground not charged in the indictment

Stirone, 80 S.ct. At 272 - Evidence and instruction was not alleged in the indictment that it destoryed the defendant substantial rights to be tried only on charges presented in an indictment returned by A grand jury serious to be treated as nothing more than A variance and then dismissed as harnless error... The very perpose of the requirement that A man be indicted by grand jury is to limit his jeopardy to offences charged by A group of his fellow citizens acting independently of either prosecuting attorney or Judge (court). Thus the basic protection, the Grand Jury was design to afford is defeated by A device or method which subjects the defendant to prosecution for interference with interstate commerce which the grand jury did not charge.

\* A conviction must rest on that charge and not another.

When only one particular kind of commerce is charged to have been burdened, A conviction must rest on that charge and not another even though it be assumed that under an indictment drawn in general terms A conviction might rest upon A showing that commerce of one kind or another has been burden." Id. 80 S.ct at 274.

## Relief Sought

This prosecution have been instituted with countless infractions in the discovery documents, police reports from the Tuskegee Police Department, Dates + Times of various situations, frist indictment + second indictment, The Grand Jury Investigation, Jury Ballet + Verdic, the Court instruction to the jury, the United States response to motion to suppress, the first and second arrest warrant, Forensic Science Report, order on motion to suppress hearing, intry of the private property, fruits of the seizure, affording prior notice of the "Incident to Arrest" allegations, also

defects + deficiencies of false pretents documents, malicous arrest, misleading arrest warrant according to the date, undue delay in instituting the prosecuting, and criminal activity. The arrest warrant date have been altered from 11-7-05 to 11-4-05 and the arrest warrant do not conform to Rule.4 + Rule.9 of the Federal Rules of Criminal Procedure. The Grand Jury did not hear; nor did the Government argue or present any evidence of "Incident to Arrest". The grounds and facts that have been presented Mr. Snipe seeks, Acquittal and Dismissal of all charges.

Wherefore Mr. Snipe respectfully pray that this motion be granted.

_Dexter Snipe_
Plaintiff's Signature

8-18-06
Date

Subscribed and sworn to before me in my Presence, this _18th_ day of _August_ _2006_, a Notary Public in and for the County of _Montgomery_, State of _Alabama_
_Lisa Hampton Davis_
(Signature)          Notary Public
My Commission Expires _March 17, 2009_

## Certificate Of Service

Although Smily's motion was stamp "received" in this court on February 10, 2006, under the "mailbox" rule; the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, February 9, 2006, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)

Notice have been delivered by mail-out to:

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama. 36101-0711

I ask with respect to please forward A copy to: The District Attorney Office

I ask with respect to please forward A copy to: Dexter Snipe - inmate