[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                    FILED
                              U.S. COURT OF APPEALS
                                ELEVENTH CIRCUIT
                                 AUGUST 2, 2007
                                THOMAS K. KAHN
                                      CLERK
```

No. 06-15509
Non-Argument Calendar

D. C. Docket No. 06-00095-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER WAYNE SNIPE,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(August 2, 2007)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Dexter Wayne Snipe appeals his convictions of possession with the intent to

distribute cocaine base, see 21 U.S.C. § 841(a), possession of marijuana, see id. § 844(a), possession of a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a felon, see id. § 922(g)(1). Snipe argues that the district court erroneously denied his motion to suppress evidence obtained during searches of his home, person, and vehicle. We affirm.

On November 1, 2005, Detective Daniel Motley obtained from a state district judge a warrant to search Snipe's residence and vehicles. On November 4, 2005, members of the Tuskegee Police Department went to Snipe's residence to execute the search warrant. Tuskegee police were also aware that there was an outstanding federal arrest warrant for Snipe.

Snipe was sitting in a vehicle parked in front of the house when the officers arrived. When they pulled Snipe out of the vehicle, a silver handgun fell from the vehicle. The officers placed Snipe under arrest and searched his person. That search uncovered another handgun that was tied around Snipe's waist with rope or string.

The officers then searched the vehicle and residence. The search of the vehicle uncovered the following items: several ounces of marijuana sitting on the seat of the driver, two bags containing cocaine base in the glove compartment, a

pill bottle containing assorted pills in the glove compartment, and an SKS assault rifle in the trunk of the vehicle. The search of the residence uncovered a handgun in a bedroom and a shotgun in another bedroom.

A federal grand jury returned an indictment on four charges agaisnt Snipe who pleaded not guilty. Although counsel was appointed to represent Snipe, counsel assisted Snipe on stand-by while Snipe attempted to represent himself. Before trial, Snipe moved <u>pro se</u> to suppress the evidence seized from his person, vehicle, and residence.

After the district court concluded that the search warrant was not supported by probable cause, the district court granted in part and denied in part Snipe's motion to suppress. The district court suppressed the handgun and shotgun found in Snipe's residence and the SKS rifle found in the truck of Snipe's vehicle. The district court determined that the handgun found on Snipe's person, the handgun that fell out of Snipe's vehicle, the marijuana found on the front seat of the vehicle, and the cocaine base and pills found in the glove compartment of the vehicle were admissible. Snipe proceeded to trial and was convicted.

Snipe maintains that the district court erred by not suppressing all evidence obtained as a result of the search of his residence, person, and vehicle. Snipe argues that the search was unreasonable and violated his Fourth Amendment rights

because it was based on an invalid "no-knock" warrant that was not supported by evidence that he had a history of violent crime or possession of firearms. Snipe does not dispute that he was lawfully arrested based on a federal warrant.

We review the denial of a motion to suppress under a mixed standard of review. We review findings of fact for clear error and the application of the law to those facts de novo. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).

Snipe's argument that his motion to suppress should have been granted in its entirety fails. Because the district court already determined that the search warrant was invalid, Snipe's argument about the "no-knock" aspect of the warrant is meritless. The district court correctly determined that the disputed evidence satisfied exceptions to the warrant requirement of the Fourth Amendment. The district court correctly concluded that the handgun obtained during the search of Snipe's person should not be suppressed because it was obtained in a search incident to the lawful arrest of Snipe based on a valid federal warrant. See Chimel v. California, 395 U.S. 752, 762–63, 89 S. Ct. 2034, 2040 (1969). The evidence obtained from the glove compartment and driver's seat was also admissible because it was obtained in a search incident to Snipe's arrest. See New York v. Belton, 453 U.S. 454, 459–61, 101 S. Ct. 2860, 2863–64 (1981). The handgun that fell from the driver's side of the vehicle when the door of the vehicle was opened

was admissible under the "plain-view doctrine." See Coolidge v. New Hampshire, 403 U.S. 443, 465–66, 91 S. Ct. 2022, 2037–38 (1971). The district court properly admitted this evidence.

Snipe's conviction is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia